1    UNITED STATES DISTRICT COURT
2    DISTRICT OF PUERTO RICO

3    ANAYANSSI DÍAZ,
4
5         Plaintiff,                              Civil No.  10-1103 (JAF)

6         v.

7    INFOTECH  AEROSPACE  SERVICES,
8    INC.;  LUIS  MERCADO;  ADAM
9    GRAVSETH; JEFFREY TRACEY (*SIC*)
10
11        Defendants.

12                    **OPINION AND ORDER**

13        Plaintiff Anayanssi Díaz ("Plaintiff") brings a "Motion for Reconsideration of Summary

14   Judgment" ("Motion for Reconsideration").[1]    (Docket No. 85.)   In her Motion for

15   Reconsideration, Plaintiff asks us to reconsider our Opinion and Order granting defendants'

16   summary judgment motion as to Plaintiff's retaliation claim.  Diaz v. Infotech Aerospace Svcs.,

17   Inc., No. 10-1103, 2012 WL 162377, at *1 (D.P.R. Jan. 19, 2012).  Defendants oppose. (Docket

18   No. 86.)

19        A detailed summary of the facts can be found in our Opinion and Order.  Diaz, at *2–4.

20   There, we held that Plaintiff had failed to demonstrate pretext or retaliatory animus.  Id. at *6–7

---

[1] Plaintiff does not state under which rule she brings her Motion for Reconsideration.  (Docket No. 85.) Because Plaintiff filed her Motion within the 28-day period established by Federal Rule of Civil Procedure 59(e), we construe the motion as one under Rule 59(e).  See Negron-Almeda v. Santiago, 528 F.3d 15, 20 (1st Cir. 2008) (explaining that "a post-judgment motion made within ten days of the entry of judgment that questions the correctness of a judgment is properly construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e)." (internal quotation marks and citations omitted)).  We note that a 2009 amendment to Fed. R. 59(e) extended the ten-day period for filing a motion to twenty-eight days.  Fed. R. Civ. P. 59(e).

Civil No. 10-1103 (JAF)                                                                    -2-

(citing <u>Mariani-Colón v. Dep't of Homeland Sec.</u>, 511 F.3d 216, 223 (1st Cir. 2007)).  Plaintiff

argues those findings were mistaken.  (Docket No. 85.)  We disagree.  None of the arguments

that Plaintiff raises in her Motion for Reconsideration call into doubt the logic or reasoning of

our earlier Opinion and Order.

        In her Motion for Reconsideration, Plaintiff raises several arguments designed to show

that Defendants' proffered reasons for taking two employment actions–reassigning the "Fan

Demo" project and initially denying Plaintiff's request for an I-Pass–were pretext.  (Docket

No. 85.)  In our earlier Opinion and Order, we described Infotech's stated rationale for

reassigning the "Fan Demo" project:

> Infotech needed a capable engineer to work on the project full-
> time, and Plaintiff was still occupied with a different project.
> (Docket No. 44 at 11.)  The project Plaintiff was working on at the
> time, the "HPW300," was also an "important, extremely complex"
> project for which customers demanded a full-time engineer.
> (Docket No. 44 at 10–11.)

<u>Diaz</u>, at *6.  Defendants' rationale explains why the Fan Demo project was given to Soto, who

was "available, capable, and had a skill set suited to the project," rather than to Plaintiff, who

was "occupied at the time" with another "important, extremely complex" project.  (Docket

No. 44 at 10–11.)  Plaintiff's efforts to re-litigate the logic of this business decision fail.  "The

repetition of previous arguments is not sufficient to prevail on a Rule 59(e) motion."  <u>Prescott</u>

<u>v. Higgins</u>, 538 F.3d 32, 45 (1st Cir. 2008) (internal quotation marks and citations omitted).

        Even less compelling are Plaintiff's arguments related to Defendants' handling of her

I-Pass request. Plaintiff points to two facts that she says demonstrate pretext.  (Docket No. 85

1    at 4.) First, Plaintiff claims that other employees had an I-Pass that allowed them to work from

2    home. (Id.) Second, Plaintiff states that after Tracey was no longer responsible for handling

3    I-Pass requests, Plaintiff's request for an I-Pass was granted. (Id.)

4          Unfortunately for Plaintiff, these facts are perfectly consistent with Defendants' account.

5    Defendants did not state that nobody was granted an I-Pass; to the contrary, Defendants stated

6    that I-Passes were given only to "managers, supervisors and certain employees who were

7    involved with projects that required remote access to IAS' network, either based on travel, or

8    at the client's request." (Docket No. 44 at 12.) Second, Defendants admitted that Plaintiff's

9    I-Pass request "was eventually granted in 2010," after Plaintiff provided a medical justification

10   for needing the pass. (Id. at 12–13.) Plaintiff's Motion for Reconsideration does nothing to

11   show Defendants' account was pretextual.

12         We end with a final note about Plaintiff's litigation strategy. When Defendants moved

13   for summary judgment, they articulated legitimate business-related rationales for reassigning

14   the "Fan Demo" project and for not immediately granting Plaintiff's I-Pass request. (Docket

15   No. 41 at 16–18.) Plaintiff responded in an Opposition to Motion for Summary Judgment brief,

16   (Docket No. 49), that was only seven pages long–a full eight pages less than the maximum

17   length allowed by the Local Rules. L.Civ.R. 7(d) (D.P.R. 2009). Only two paragraphs of

18   Plaintiff's brief were dedicated to arguing that Defendants' reasons for taking these challenged

19   decisions were pretext. (Docket No. 49 at 4–5.) Those two paragraphs included only one

20   specific citation to record evidence. (Id. at 4.)

Civil No. 10-1103 (JAF)                                                                        -4-

1        Now Plaintiff files a five-page Motion for Reconsideration, raising a number of new

2    arguments she could have raised earlier.  (Docket No. 85.)  We note that "[a] motion to

3    reconsider should not 'raise arguments which could, and should, have been made before

4    judgment issued.'" Feliciano-Hernandez v. Pereira-Castillo, 663 F.3d 527, 537 (1st Cir. 2011)

5    (quoting ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008)).  We, therefore,

6    decline to consider any arguments which Plaintiff could, and should, have raised earlier.  Id.

7        In accordance with the foregoing, we hereby **DENY** Plaintiff's Motion for

8    Reconsideration (Docket No. 85.)

9        We remind the parties of the Settlement Conference scheduled for **February 21, 2012,**

10   **at 4:00 P.M.**

11      **IT IS SO ORDERED**.

12      San Juan, Puerto Rico, this 16th day of February, 2012.

13                             s/José Antonio Fusté
14                             JOSE ANTONIO FUSTE
15                             U.S. District Judge

16

17